UNITED STATES, Appellee,

v.

Specialist Casey L. JONES, 255–41–2010,
United States Army, Appellant.

ACMR 9201171.

U.S. Army Court of Military Review.

31 March 1993.

For Appellant: Major Robin L. Hall, JAGC (argued), Colonel Malcolm H. Squires, Jr., JAGC (on brief).

For Appellee: Captain David G. Tobin, JAGC (argued), Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Timothy W. Lucas, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

BAKER, Judge:

Tried by general court-martial, the appellant was convicted pursuant to his pleas of three specifications of absence without leave (AWOL), one specification of escape from confinement, and one specification of assault upon a person in the execution of law enforcement duties, in violation of Articles 86, 95, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 895, and 928 (1982) [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, forty-five days' confinement, and reduction to Private E1. The convening authority approved the sentence.

On appeal the appellant asserts two errors: first, the plea to escape from confinement was improvident because the military judge failed to establish from the appellant that his guard had the means to stop the appellant from escaping; and second, the court-martial lacked jurisdiction because the military judge was not appointed in accordance with the appointments clause of the Constitution. We disagree.

On 7 February 1992, the appellant, in an effort to expedite his pending administrative separation from the Army, went AWOL from his unit at Fort Campbell, Kentucky. He turned himself in to military authorities at the Fort Knox Regional Correctional Facility (RCF) on 3 March 1992, only to learn that his absence had to be for more than thirty days before he would be attached to the RCF. After discussing his situation by telephone with his battery commander, Captain John J. Ammons, he elected to go AWOL again on 4 March 1992.

On 20 April 1992, the appellant again reported to the RCF at Fort Knox expecting to be attached to the RCF and quickly separated from the Army. Contrary to the appellant's plan, the chain of command at Fort Campbell requested his return for disciplinary action and the appellant, accompanied by an escort, drove back to Fort Campbell on 21 April 1992.

Also on 21 April 1992, Lieutenant Colonel John M. Uris, the appellant's battalion commander, ordered the appellant into pretrial confinement at the RCF at Fort Knox. The appellant was temporarily confined in one of the Fort Campbell detention cells for the night of 21 April 1992. On 22 April 1992, the appellant was placed under the control of Specialist Robert Elston for the purpose of completing the administrative processing at Fort Campbell before going to the RCF at Fort Knox. While placing some personal belongings in his pickup truck, the appellant pushed Specialist Elston out of his way, got into his vehicle and drove away, once again going AWOL. Tenacity does not always embody success, and the appellant was apprehended by civilian authorities about twenty minutes later.

The appellant now asks this Court to disapprove the finding of guilty to the escape from confinement charge because there was no showing during the providence inquiry that Specialist Elston had the ability to physically restrain the appellant. The appellant cites, as authority for his position, language found in paragraph 19c(4)(d) of Part IV of the Manual for Courts Martial, that to maintain a confinement status while under guard outside the confinement facility, the guard must have the means to prevent that prisoner from escaping.

**1156**

The appellant places too much weight on that short comment, which is apparently derived from the decision in *United States v. Silk*, 37 C.M.R. 523 (A.B.R.1966). We prefer to rely on the more recent decision in *United States v. Felty*, 12 M.J. 438 (C.M.A.1982), as being closer to this case. There the court upheld the conviction of an escapee who had misled his guard into releasing him. *See also United States v. Maslanich*, 13 M.J. 611 (A.F.C.M.R.1982).

This Court does not propose to set a standard, as argued by the appellant, that suggests arming guards or limiting the pool of acceptable guards to only the largest and strongest soldiers is necessary to maintain the confinement status. It makes no difference whether the escape is accomplished by guile or by use of force to commit this offense.

Following *Felty* and *Maslanich*, we hold that where a soldier is placed in confinement and is then temporarily removed from the confinement facility while remaining under the guard of another soldier, the prisoner remains in a confinement status regardless of whether the guard is armed or otherwise has the physical prowess to subdue the prisoner.

The appellant's second assignment of error asserting lack of jurisdiction because the military judge was appointed in violation of the Appointments Clause of the Constitution has been resolved in the government's favor by the United States Court of Military Appeals in *United States v. Weiss*, 36 M.J. 224 (C.M.A.1992).

We have considered the personal assertions of error raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), concerning the duty status of the guard and the severity of the sentence, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge NAUGHTON and Judge JOHNSTON concur.